UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BONITA B. PHILLIPS and
JEFFREY S. PHILLIPS

      Plaintiffs,

v.                    Case No: 2:13-cv-410-FtM-29DNF

EPIC AVIATION, LLC, an
Oregon corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on three motions: (1) Plaintiffs' Renewed Motion for Mandatory Injunction (Doc. #19), and defendant's Response (Doc. #21) thereto; (2) defendant's Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction and Pursuant to Rule 12(b)(6) for Failure to State a Claim (Doc. #20), and plaintiffs' Response in Opposition (Doc. #23); and (3) plaintiff's Request for Expedited Consideration of Their Renewed Motion for Mandatory Injunction and Defendant's Motion to Dismiss (Doc. #25) filed October 8, 2013, and defendant's Response (Doc. #26) filed on October 22, 2013.

Plaintiffs' Amended Complaint (Doc. #18) sets forth claims of slander of title (Count I) and quiet title (Count II), and seeks a mandatory injunction (Count III). (Doc. #18, ¶¶ 49-72.) These claims relate to prior bankruptcy proceedings and three appeals from the Bankruptcy Court to the district court. See 2:12-cv-585-

FTM-29; 2:12-cv-669-FTM-29; 2:13-CV-113-FTM-29.  Appeals of the district court's orders are pending before the Eleventh Circuit in each of these three prior cases.  The undersigned was the judge in the three prior bankruptcy appeals, and assumes familiarity by all parties with the procedural history of the cases.  The Court begins with the motion challenging its subject-matter jurisdiction.

**A.  Subject-Matter Jurisdiction**

Defendant alleges that the district court lacks subject-matter jurisdiction over this case because of the pending appeals with the Eleventh Circuit from the district court's prior orders issued in three related cases.  Defendant argues that the claims in the Amended Complaint "are procedurally improper collateral attacks on claims and defenses that are currently on appeal and within the jurisdiction of the Eleventh Circuit . . . arising from the Plaintiffs' bankruptcy cases. . . ."  (Doc. #20, p. 1.)

Subject-matter jurisdiction refers to a tribunal's power to hear a case.  Union Pac. R. Co. v. Bhd. of Locomotive Eng'r & Trainmen Gen., 558 U.S. 67, 81 (2009).  Defendant is correct that a district court is generally divested of jurisdiction over a case upon the filing of a notice of appeal in that case.  It is well established that "[t]he filing of a notice of appeal. . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56,

58 (1982).  The notices of appeal were not filed in <u>this</u> case, and no aspect of this case is directly involved in the appeals.  No stay has been issued in those cases, and deciding the current case will not interfere with the ability of the Eleventh Circuit to decide the issues before them.  The pendency of the appeals may impact the wisdom of proceeding to judgment, but that is a merits issue and not a jurisdictional issue.  Therefore, the district court has subject-matter jurisdiction over this case.

## B.  Renewed Motion for Permanent Injunction

By separate motion (Doc. #19), plaintiffs seek a mandatory injunction pursuant to Count III of their Amended Complaint (Doc. #18).  Plaintiffs attached two Declarations in support regarding the inability to sell the property due to the cloud on their title. (Doc. #10, Exh. F.)

A district court may grant a preliminary injunction only if the moving party shows that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion'" for each prong of the analysis.  <u>Id.</u>  Similarly, a mandatory injunction is

- 3 -

an extraordinary remedial process compelling an act.  <u>Alabama v. United States</u>, 304 F.2d 583, 611 n.6 (5th Cir. 1962).  A mandatory injunction at the preliminary stage of a case, "should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party."  <u>Miami Beach Fed. Sav. & Loan Ass'n v. Callander</u>, 256 F.2d 410, 415 (5th Cir. 1958)[1].

The proposed injunction would require defendant to execute and deliver a form of release similar to the one executed by the U.S. Trustee to clear title, or failing that, the appointment of another person to act on behalf of defendant pursuant to Fed. R. Civ. P. 70.  The Court finds no extraordinary circumstances warranting a mandatory injunction, and finds that plaintiffs have not satisfied at least the first three requirements for a preliminary injunction.  Therefore, the motion will be denied.

## C.  Failure to State A Claim

Defendant also asserts that the Amended Complaint fails to state causes of action upon which relief may be granted.  Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).   To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."   Id. at 555.   See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).   This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.   "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."   Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted).   Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

    **(1)   Count One (Slander of Title)**

In Count I, plaintiffs allege a claim for "Slander of Title/Wrongful Lis Pendens".  Plaintiffs claim is based on the intentional and wrongful filing of various lis pendens and related notices of appeal (the filings).  Plaintiffs allege that the filings were "wrongful" (Doc. #18, ¶¶ 50, 51), constituted a "slander of title" (id., ¶52), impaired the plaintiffs' ability to sell the property (id., ¶53), and "thwarted" the ability to close on a pending contract (id., ¶54).  Plaintiffs further allege that defendant knew of the wrongfulness of its conduct and the high probability or resulting damage, and that plaintiffs have been damaged.  (Doc. #18, ¶¶ 54-56.)  Defendant asserts that this count fails to adequately allege a cause of action.

The elements of slander of title are that: "(1) A falsehood (2) has been published, or communicated to a third person (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff and (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff; and (5) [actual and/or] special damages are proximately caused as a result of the published falsehood." McAllister v. Breakers Seville Ass'n, Inc., 981 So. 2d 566, 573 (Fla. 4th DCA 2008)(citations omitted).  See also Residential Communities of Am. v. Escondido Cmty. Ass'n, 645 So. 2d 149, 150 (Fla. 5th DCA 1994)(applying elements).  The recording of a notice of lis pendens is simply a notice of pending litigation and "has no

existence separate and apart from the litigation of which it gives notice." Procacci v. Zacco, 402 So. 2d 425, 427 (Fla. 4th DCA 1981). See also Bonded Inv. & Realty Co. v. Waksman, 437 So. 2d 162, 164 (Fla. 2d DCA 1983)("the mere bringing of a legal action on a claim relating to land does not constitute slander of title."). The filing of the lis pendens is an appropriate manner to notify prospective buyers that the property "would be subject to the trial court's decree." Miceli, 467 So. 2d at 406 (citations omitted). "An intentional, wrongful filing of a notice of lis pendens will support an action for slander of title." Miceli v. Gilmac Developers, Inc., 467 So. 2d 404, 405-06 (Fla. 2d DCA 1985)(citing Atkinson v. Fundaro, 400 So. 2d 1324 (Fla. 4th DCA 1981)).

Plaintiffs have not alleged that the lis pendens was actually false or filed maliciously, only that the filings were "wrongful" and made knowingly and intentionally. Although plaintiffs allege, in response to the motion, Doc. #23, p. 2, that the lis pendens includes the false statement that defendant has an interest in the property, this is not alleged in Count I or in its incorporated paragraphs. Therefore, as currently pled, plaintiffs have failed to state a claim for slander of title. The motion to dismiss will be granted, and defendant's other arguments need not be addressed.

        **(2)  Count Two (Quiet Title)**

In Count II, plaintiffs allege that they hold title to the property; that defendant's actions have clouded the title; and

that defendant has no legal or equitable interest in the property. Plaintiffs further allege that defendant's only direct interest in the property was avoided by the Bankruptcy Appeal and is not subject of any pending appeal, and the only indirect interest has been released and satisfied by the Trustee.  (Doc. #18, ¶¶ 59-63.) Defendant argues that it would be inappropriate to determine the validity of the claim because of the pending appeals and because it necessarily requires the Court "to opine as to the ultimate resolution" of the appeals.  (Doc. #20, p. 9.)

To state a claim for quiet title, plaintiffs must show that they have title to the property, that a cloud on the property exists, identify and show what is clouding the title, and allege facts giving rise to the validity and invalidity of the claim. Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953).  The Court finds that plaintiffs have stated a plausible cause of action and the Court need not address the merits of the related bankruptcy appeals to determine whether the elements are adequately pled.

The Court agrees that attorney's fees are not available damages in an action for quiet title, absent an independent statutory or contractual basis, and therefore the motion to dismiss is granted with respect to the request for attorney fees.  Price v. Taylor, 890 So. 2d 246, 250 (Fla. 2004).

Accordingly, it is hereby

**ORDERED:**

1.  Plaintiffs' Renewed Motion for Mandatory Injunction (Doc. #19) is **DENIED.**

2.  Defendant's Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction and Pursuant to Rule 12(b)(6) for Failure to State a Claim (Doc. #20) is **GRANTED IN PART AND DENIED IN PART** as set forth above.  The motion is denied as to dismissal for lack of subject-matter jurisdiction, granted without prejudice as to the Slander of Title claim, denied as to the quiet title claim, and granted as to the request for attorney fees in connection with the quiet title claim.

3.  Plaintiff's Request for Expedited Consideration of Their Renewed Motion for Mandatory Injunction and Defendant's Motion to Dismiss (Doc. #25) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record