UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BONITA  B.  PHILLIPS  and
JEFFREY S. PHILLIPS,

      Plaintiffs,

v.                  Case No: 2:13-cv-410-FtM-29MRM

EPIC  AVIATION,  LLC,  an
Oregon corporation,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Renewed Motion for Partial Summary Judgment on Count II (Doc. #69) of the Third Amended Complaint; plaintiffs' Motion for Partial Summary Judgment on Count I (Doc. #78) of the Third Amended Complaint; and defendant's Motion for Final Summary Judgment (Doc. #79) in its favor on both counts. Responses were filed, and the motions are ripe for review. (Docs. ## 76, 81, 82.)

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us,

<u>Inc.</u>, 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing <u>Anderson</u>, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007); <u>Tana v. Dantanna's</u>, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." <u>St. Charles Foods, Inc. v. America's Favorite Chicken Co.</u>, 198 F.3d 815, 819 (11th Cir. 1999) (quoting <u>Warrior Tombigbee Transp. Co. v. M/V Nan Fung</u>, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." <u>Allen v. Bd. of Pub. Educ.</u>, 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

Plaintiffs' verified and renewed motion for summary judgment is based almost entirely on the facts established in the underlying bankruptcy record, Bankruptcy Case Numbers 9:06-bk-5685-FMD and 9:06-bk-07489-FMD, and the district appellate record, Case Numbers 2:12-cv-585-FTM-29, 2:12-cv-669-FTM-29, and 2:13-cv-113-FTM-29[1]. The facts are well known by the parties and the undersigned. On May 7, 2013, in the consolidated bankruptcy appeals, the undersigned issued an Opinion and Order setting forth the relevant history between the parties, affirming the Bankruptcy Court, and finding that the lis pendens on plaintiffs' homestead property was properly dissolved and extinguished by the Bankruptcy Court. In re Phillips, No. 2:12-CV-585-FTM-29, 2013 WL 1899611, at *11 (M.D. Fla. May 7, 2013). On September 24, 2014, the Eleventh Circuit Court of Appeals affirmed the Opinion and Order and otherwise dismissed defendant's "Sale Order Appeal" as moot. See In re Phillips, 574 F. App'x 926 (11th Cir. 2014).

### A. Count II – Quiet Title

Plaintiffs seek summary judgment on Count II of the Third Amended Complaint (Doc. #58) to quiet title on their property. Defendant also seeks summary judgment in its favor, asserting that

---

[1] This case was initially opened as a miscellaneous case, Case Number 2:13-mc-5-FTM-29.

the issue is moot and the Court also lacks subject-matter jurisdiction due to the lack of any case or controversy. As previously summarized on March 19, 2014, in this case,

> To state a claim for quiet title, plaintiffs must show that they have title to the property, that a cloud on the property exists, identify and show what is clouding the title, and allege facts giving rise to the validity and invalidity of the claim. Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953).

Phillips v. Epic Aviation, LLC, No. 2:13-CV-410-FTM-29, 2014 WL 1092458, at *4 (M.D. Fla. Mar. 19, 2014). Plaintiffs assert that they have title to the property, and this first element is undisputed by defendant or the record. Having reviewed the record, including the Joint Pre-Trial Statement (Doc. #113), the Court finds material facts remain in dispute with regard to whether a cloud on the property exists, and that the dissolution of the lis pendens does not render the issues moot. Both motions for summary judgment will be denied.

## B. Count I - Slander

Plaintiffs also seek summary judgment on Count I of the Third Amended Complaint (Doc. #58) for slander of title. Defendant seeks summary judgment in its favor arguing that the actions were privileged acts undertaken in a judicial proceeding and taken in good faith.

> The elements of slander of title are that: (1) A falsehood (2) has been published, or communicated to a third person (3) when the

4

> defendant-publisher knows or reasonably
> should know that it will likely result in
> inducing others not to deal with the plaintiff
> and (4) in fact, the falsehood does play a
> material and substantial part in inducing
> others not to deal with the plaintiff; and (5)
> [actual and/or] special damages are
> proximately caused as a result of the
> published falsehood.
>
> . . .
>
> Even if these factors are met, if an
> affirmative defense of privilege is raised,
> the burden shifts to the plaintiff to prove
> actual malice in order to recover." [ ]. The
> affirmative defense of good faith raises a
> privilege and creates a factual issue as to
> the existence of malice.

IberiaBank v. Coconut 41, LLC, 984 F. Supp. 2d 1283, 1304 (M.D.
Fla. 2013) (citations omitted), aff'd, 589 F. App'x 479 (11th Cir.
2014).

In the Amended Complaint, plaintiffs seek compensatory
damages, consequential damages, punitive damages, and attorney
fees. (Doc. #58, ¶ 59.) "In a disparagement action, the pecuniary
loss recoverable for the injurious falsehood is restricted to that
which results *directly and immediately* from the falsehood's effect
on the conduct of third persons and the expenses incurred to
counteract the publication." Bothmann v. Harrington, 458 So. 2d
1163, 1170 (Fla. 3d DCA 1984) (emphasis in original). Special
damages are an essential element in a disparagement of title cause
of action. Id. There is at best disputed evidence of actual or
special damages caused by the disparaging title. Damages for a

claim of slander of title include reasonable attorney's fees, and those damages must be determined by the trier of fact. <u>Fraser v. Sec. & Inv. Corp.</u>, 615 So. 2d 841, 843 (Fla. 4th DCA 1993).

Plaintiffs have presented some evidence of potential damage related to the loss of contract for the purchase of the home, however no evidence is presented with regard to a current purchase price or current value of a sales contract. <u>See</u> Restatement (Second) of Torts § 633 (1977). Based on the Declaration of Mr. Wood, attorney's fees were clearly incurred while trying to remove the cloud on the property, however the reasonable amount of fees is not undisputed. Plaintiffs used the services of an expert based on the Expert Disclosures (Doc. #78, Exh. 4), however no expenses are detailed. As plaintiffs have failed to establish damages, plaintiffs have failed to establish a prima facie case for slander of title. <u>See, e.g.</u>, <u>IberiaBank v. Coconut 41, LLC</u>, 984 F. Supp. 2d at 1305; <u>Donald M. Paterson, Inc. v. Bonda</u>, 425 So. 2d 206, 208 (Fla. 4th DCA 1983); <u>Cont'l Dev. Corp. of Fla. v. Duval Title & Abstract Co.</u>, 356 So. 2d 925, 927-28 (Fla. 2d DCA 1978). Plaintiffs' request for summary judgment will be denied.

Since the Court finds that plaintiffs fail to establish slander of title on summary judgment, the Court need not reach

defendant's defense of privilege, or whether plaintiff could establish actual malice to overcome the privilege.[2]

Accordingly, it is now

**ORDERED:**

1.   Plaintiffs' Renewed Motion for Partial Summary Judgment on Count II (Doc. #69) as to Count II of the Third Amended Complaint is **DENIED.**

2.   Plaintiffs' Motion for Partial Summary Judgment on Count I (Doc. #78) as to Count I of the Third Amended Complaint is **DENIED.**

3.   Defendant's Motion for Final Summary Judgment (Doc. #79) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of September, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

---

[2] "If a privilege is shown by a defendant, however, the plaintiff must establish the defendant acted with "actual malice" to overcome the privilege." Bothmann v. Harrington, 458 So. 2d at 1168 n.3.